**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DR. BARRY FREEMAN, an individual, | No.    14-56511 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-00107-JLS-AN |
| v. | |
| COUNTY OF ORANGE, by and through the Orange County Sheriff's Department a government entity; BYRON MOLDO, court-appointed receiver; MARC FRIEDMAN, an individual; REBECCA FRIEDMAN, an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 31, 2016**
Pasadena, California

Before:  SILVERMAN, FISHER and WATFORD, Circuit Judges.

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Dr. Barry Freeman appeals the district court's dismissal of his 42 U.S.C. § 1983 and negligence claims against a receiver appointed by a California family court.[1]  The district court concluded it lacked subject matter jurisdiction under *Barton v. Barbour*, 104 U.S. 126, 131 (1881).  We affirm.

Freeman argues *Barton* applies only to receivers appointed by federal courts, not state family courts.  This argument is both unsupported and unpersuasive. *Barton* itself concerned a receiver appointed by a Virginia state court being sued in the District of Columbia.  *See Barton*, 104 U.S. at 126-27.

Freeman's argument that his failure to obtain leave to sue from the appointing state court is not a jurisdictional failing is likewise unpersuasive. *Barton* held federal courts are without jurisdiction to entertain suits against receivers without permission from the appointing court.  *See Barton*, 104 U.S. at 131-32, 136-37; *Med. Dev. Int'l v. Cal. Dep't of Corr. & Rehab.*, 585 F.3d 1211, 1216-17 (9th Cir. 2009).  Therefore, the district court properly treated this failure as a jurisdictional defect.

We need not decide whether the statutory exception to *Barton* set out in 28 U.S.C. § 959(a) applies to receivers appointed by state courts because Freeman has

---

[1] The district court also dismissed Freeman's claims against the County of Orange, Marc Friedman and Rebecca Friedman.  Freeman did not contest those orders, however, and they are not the subject of this appeal.

not stated a claim under that section. All of Freeman's claims concern the validity of the receivership. Such a challenge is not the type of traditional torts claim covered under the § 959(a) exception. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 972 (9th Cir. 2005); *see also Med. Dev. Int'l*, 585 F.3d at 1218-19. Further, even if Freeman's negligence claim fell under § 959(a), there is no good reason for the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

Finally, the receiver did not act ultra vires. Unlike the receiver in *Leonard v. Vrooman*, 383 F.2d 556, 560 (9th Cir. 1967), the receiver in this case proceeded according to the orders of the appointing court. Allowing Freeman to challenge those orders would go against the central purpose of *Barton*, which is to prevent one court from usurping the powers of another. *See Barton*, 104 U.S. at 136. We are without jurisdiction to do so.

**AFFIRMED**.

The unopposed motions of Appellee Byron Z. Moldo to take judicial notice of various state judicial proceedings, filed May 29, 2015 and April 27, 2016, are **GRANTED**.